**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| WADE PARK LAND HOLDINGS, LLC and WADE PARK LAND, LLC, | BANKRUPTCY CASE NOS. 20-11192 AND 20-11193 |
| Debtors. | |
| | |
| WADE PARK LAND HOLDINGS, LLC; WADE PARK LAND, LLC; and THE THOMAS FAMILY TRUST, by and through its Trustees, acting in their official capacities, | ADV. PROC. NO. 20-01030 JURY TRIAL DEMANDED |
| Plaintiffs, | |
| v. | |
| JONATHAN KALIKOW; WP DEVELOPMENT PARTNERS LLC; GAMMA LENDING OMEGA LLC; GAMMA REAL ESTATE CAPITAL LLC; GRE WP LLC; and BLAKE GOODMAN, | |
| Defendants. | |

**PLAINTIFFS' MOTION TO WITHDRAW THE REFERENCE &
INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Wade Park Land Holdings, LLC, Wade Park Land, LLC, and the Thomas Family Trust, by and through its Trustees, acting in their official capacities (collectively, "Plaintiffs") respectfully file this motion pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Bankruptcy Local Rule 5011-1, requesting an order withdrawing the reference to the Bankruptcy Court of the adversary proceeding styled *Wade Park Land Holdings, LLC, et al. v. Jonathan Kalikow, et al.*, Case No. 20-01030 (the "*Wade Park* adversary proceeding"). In accordance with Bankruptcy Local Rule 5011-1, Plaintiffs state that "RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT JUDGE," rather than the Bankruptcy Court.[1] BLR 5011-1.

## INTRODUCTION

The District Court should withdraw its reference of the *Wade Park* adversary proceeding to the Bankruptcy Court. *See In re King Mem'l Hosp., Inc.*, 767 F.2d 1508, 1510 (11th Cir. 1985) (noting that motions to withdraw the reference "determine the forum in which final decisions will be reached"). As explained in

---

[1] This Motion "shall be heard by a district judge." Fed. R. Bankr. P. 5011(a). Under Bankruptcy Local Rule 5011-5, motions for withdrawal must be filed with the Clerk of the Bankruptcy Court, who then transmits the motion and attached exhibits to the District Court. BLR 5011-5. Accordingly, Plaintiffs address this Motion to the District Court, but have filed it in the Bankruptcy Court.

detail below, withdrawal of the reference is mandatory for at least two reasons. First, the *Wade Park* adversary proceeding will require material consideration of non-bankruptcy federal and state laws. The *Wade Park* adversary proceeding, for example, asserts claims under the federal RICO Act, as well as non-bankruptcy claims under various state laws. In addition, Plaintiffs have a right to a jury trial for most of the claims in the *Wade Park* adversary proceeding; they have demanded a jury trial; and Plaintiffs do not consent to the Bankruptcy Court conducting the jury trial or entering final judgment on their claims. As a result, the *Wade Park* adversary proceeding must be decided in the District Court, and the reference should be withdrawn now.

Second, permissive withdrawal is also appropriate here because each of the relevant factors supports withdrawal. This Court should grant this Motion and withdraw the reference.

## **BACKGROUND**

On August 26, 2020, Wade Park Land, LLC and Wade Park Land Holdings, LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Ex. 1; Ex. 2.  The next day, the two debtor companies, along with the Thomas Family Trust, by and through its Trustees, acting in their official capacities, filed the *Wade Park* adversary proceeding against defendants Jonathan Kalikow, WP

Development Partners LLC, Gamma Lending Omega LLC, Gamma Real Estate Capital LLC, GRE WP LLC, and Blake Goodman (collectively, "Defendants"). Ex. 3.

As alleged in the Complaint, the *Wade Park* adversary proceeding arises out of a coordinated, concerted, and illegal effort by Defendants to defraud Plaintiffs out of real estate and cash worth hundreds of millions of dollars.  *Id.* ¶¶ 1, 32–222. The *Wade Park* adversary proceeding concerns the financing and development of two valuable parcels of land outside of Dallas, Texas, known as Wade Park.  *Id.* ¶ 3.  Non-party Stanley Thomas ("Thomas"), one of the most experienced and respected developers of retail and mixed-use properties in the United States, identified the properties, led their acquisition, and ultimately envisioned a multi-billion-dollar development that would include restaurants, retail, entertainment, lodging, housing, and offices. *Id.* ¶ 4.

Thomas, along with various Thomas-affiliated entities (including Plaintiffs), pumped enormous amounts of money into the acquisition and development of Wade Park.  *Id.*  But to realize his vision, Thomas needed more financing.  *Id.* That eventually led to two Thomas-affiliated entities, Plaintiffs Wade Park Land, LLC and Wade Park Land Holdings, LLC, borrowing about $83 million from Defendant Gamma Real Estate Capital LLC as a temporary bridge loan while

Thomas continued his work to close a permanent financing deal with other investors. *Id.*

But from the very beginning, the Defendants had other plans. *Id.* ¶ 5. They did not intend to be passive lenders. *Id.* Rather, they intended to take the Wade Park property from Plaintiffs by manufacturing a default on the bridge loan and then executing a stranglehold on Plaintiffs' ability to raise capital to pay their way out of default. *Id.* Among other things, Defendants fraudulently misrepresented their intent to comply with their contractual obligations, breached their contractual and fiduciary duties, misappropriated Plaintiffs' assets, intentionally interfered with Plaintiffs' business relationships, and committed a wide variety of crimes—all with the goal and intent of defrauding Plaintiffs and taking the Wade Park property for themselves. *Id.*

Ultimately, Defendants were successful in their scheme to defraud Plaintiffs. As a result of their wrongdoing, Defendants obtained more than $625 million in cash and property. Plaintiffs assert fourteen counts against Defendants: declaratory judgment (Count I); violation of federal and Georgia RICO statutes (Counts II-V); fraud (Count VI); tortious interference with business relations (Count VII); breach of contract (Count VIII); unjust enrichment (Count IX); usury (Count X); avoidance, preservation, and return of constructively fraudulent transfers (Count

XI); avoidance, preservation, and return of constructively voidable transfers (Count

XII); punitive damages (Count XIII); and attorneys' fees and costs of litigation

(Count XIV). Plaintiffs seek damages, declaratory relief, and equitable relief

against the Defendants.

## LEGAL STANDARD

Under 28 U.S.C. § 1334(b), district courts have original jurisdiction over "all

civil proceedings arising under title 11, or arising in or related to cases under title

11" of the Bankruptcy Code. Each district court may, however, "provide that any

or all cases under title 11 and any or all proceedings arising under title 11 or

arising in or related to a case under title 11 shall be referred to the bankruptcy

judges for the district." 28 U.S.C. § 157(a). The U.S. District Court for the

Northern District of Georgia has provided for such a referral to the U.S.

Bankruptcy Court of the Northern District of Georgia. *See* LR 83.7(A), NDGa.

Accordingly, unless and until the reference to the Bankruptcy Court is withdrawn

by an order of the District Court, jurisdiction over bankruptcy matters resides with

the Bankruptcy Court.

***Mandatory withdrawal.*** Withdrawal of the reference is mandatory in some

circumstances and permissive in others. *See, e.g.*, *Lubin v. Cincinnati Ins. Co.*, 411

B.R. 801, 803 (N.D. Ga. 2009). Withdrawal is mandatory "if the court determines

that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). In practice, this "mandates withdrawal in cases requiring material consideration of non-bankruptcy federal law." *Sec. Farms v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (emphasis omitted). "The purpose of § 157(d) is to assure that an Article III judge decides issues calling for more than routine application of [federal laws] outside of the Bankruptcy Code." *Ames Dep't Stores Inc. v. Lumbermens Mut. Cas. Co.*, 512 B.R. 736, 740 (S.D.N.Y. 2014) (citation omitted) (alteration in original). Thus, where a bankruptcy court is required to engage in "something more than the mere process of examining, thinking about or taking into account" federal laws other than the Bankruptcy Code, withdrawal is mandated. *In re Horizon Air, Inc.*, 156 B.R. 369, 373 (N.D.N.Y. 1993); *see also Keene Corp. v. Williams Bailey & Wesner, L.L.P.*, 182 B.R. 379, 382 (S.D.N.Y. 1995) (withdrawal is mandated when "'substantial and material' potential conflict exists between nonbankruptcy federal laws and Title 11") (citations omitted).

*Permissive withdrawal.* Additionally, district courts "may" withdraw the reference, "in whole or in part," "for cause shown." 28 U.S.C. § 157(d). In determining whether such causes exists, courts generally consider whether

withdrawal would (1) advance uniformity in bankruptcy administration; (2) decrease forum shopping and confusion; (3) promote the efficient use of the parties' resources; and (4) facilitate the bankruptcy process.  *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 n.5 (11th Cir. 1991) (relying on *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992 (5th Cir. 1985)); *accord In re Simmons*, 200 F.3d 738, 742 (11th Cir. 2000).

Here, withdrawal of the reference is mandatory.  But even if withdrawal were not mandatory, the permissive factors show that cause exists for withdrawal of the reference.  The Court should grant this Motion.

## ARGUMENT AND CITATION TO AUTHORITIES

### I.    Withdrawal of the reference is mandatory here.

Withdrawal of the reference is mandatory here for at least two reasons. First, a principal focus of the *Wade Park* adversary proceeding is Plaintiffs' claim under the federal RICO Act, which will require substantial and material consideration of non-bankruptcy federal law.  Second, Plaintiffs have a right to a jury trial for many of the claims in the *Wade Park* adversary proceeding, and they do not consent to the Bankruptcy Court either conducting that trial or entering final judgment on Plaintiffs' claims.

**A.    The *Wade Park* adversary proceeding requires substantial and material consideration of non-bankruptcy law.**

In the Eleventh Circuit, withdrawal is required "if the court can make an affirmative determination that resolution of the claims will require substantial and material consideration of those non-Code statutes which have more than a de minimis impact on interstate commerce." *In re TPI Int'l Airways, Inc.*, 222 B.R. 663, 667 (S.D. Ga. 1998) (internal quotation marks omitted); *see also Lubin*, 411 B.R. at 804. In this regard, withdrawal becomes mandatory where "complicated, interpretive issues are involved . . . ." *Holmes v. Grubman*, 315 F. Supp. 2d 1376, 1379 (M.D. Ga. 2004) (internal quotation marks omitted); *see also In re Am. Body Armor & Equip.*, 155 B.R. 588, 590–91 (M.D. Fla. 1993) (withdrawal is mandatory where resolution of non-bankruptcy law is essential to the dispute).

The *Wade Park* adversary proceeding involves "complicated, interpretive issues" of non-bankruptcy federal law (as well as state law). The *Wade Park* adversary proceeding is a complex case involving three Plaintiffs,[2] six Defendants, and fourteen causes of actions alleged by Plaintiffs arising from Defendants' wrongful pre-bankruptcy conduct over a period of several years. Among other things, Plaintiffs assert claims for violation of the federal RICO statute—alleging

---

[2]    Notably, one of the three Plaintiffs (the Thomas Family Trust) is not a debtor in the bankruptcy proceeding and has not filed for bankruptcy.

that Defendants have engaged in collection of unlawful debts (in violation of 18 U.S.C. § 1961(6)); wire fraud (in violation of 18 U.S.C. § 1343); theft of trade secrets (in violation of 18 U.S.C. § 1832); and money laundering (in violation of 18 U.S.C. § 1956). Ex. 3 at ¶¶ 227–258. These non-bankruptcy claims are not the types of federal claims routinely considered by bankruptcy courts, and they do not involve areas of the law in which the bankruptcy courts have particular expertise.

Although the "mere" presence of RICO claims may not be sufficient to require withdrawal of the reference,[3] courts have found the substantial and material test to be satisfied where the RICO allegations entail complicated factual circumstances or "predominate" the case. *See, e.g.*, *In re Astro Tel, Inc.*, No. 8:11-MC-00059-T-33, 2011 WL 4551571, at *2 (M.D. Fla. Sept. 30, 2011) (finding withdrawal was mandatory under the substantial and material test because RICO, Sherman Act, and Lanham Act claims "predominate the Complaint"); *In re Schlein*, 188 B.R. 13, 14 (E.D. Pa. 1995) (finding withdrawal was mandatory where Chapter 11 debtor, in support of his RICO claims, alleged his sisters and brother-in-law engaged in mail fraud and interstate wire fraud over 100 times over a period of 7-1/2 years). That is the case here—where Plaintiffs' claims arise out of

---

[3]     *See, e.g.*, *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996).

a complicated set of facts and involve multiple predicate acts under various federal

laws. These non-bankruptcy issues are not just "essential" to the dispute between

Plaintiffs and Defendants—they are the principal dispute between the parties.

Withdrawal of the reference is mandatory.

> **B.    Plaintiffs do not consent to a jury trial before the Bankruptcy Court or entry of a final judgment by the Bankruptcy Court.**

Additionally, withdrawal is mandatory here because Plaintiffs do not

consent to a jury trial or entry of a final judgment on any non-core proceeding by

the Bankruptcy Court, and the *Wade Park* adversary proceeding, therefore, will

eventually have to move to the District Court.[4]

Because the Bankruptcy Court is a court of limited jurisdiction, it can enter

final judgments and conduct jury trials only in core matters. 28 U.S.C. 157(b)(1);

---

[4]    Courts in the Eleventh Circuit are split as to whether a party's lack of consent to a jury trial or entry of a final judgment by the Bankruptcy Court is part of a district court's analysis of mandatory withdrawal or part of a district court's analysis of permissive withdrawal. *Compare Maier v. TD Bank, Nat'l Ass'n*, No. 3:18-CV-462-J-32, 2018 WL 3870063, at *2 (M.D. Fla. Aug. 15, 2018) (analyzing a party's request for a jury trial as part of the district court's mandatory withdrawal analysis), *with In re Wi-Sky Inflight, Inc.*, 483 B.R. 788, 796 (N.D. Ga. 2012) (relying on *In re Noble*, Bankr. No. 07-10268-WHD, 2009 WL 6499363, at *6 (Bankr. N.D. Ga. Aug. 21, 2009)) to find that withdrawal of the reference becomes mandatory if the *Wade Park* adversary proceeding "reach[es] the trial stage" and "prior to that time remains permissive"). In an abundance of caution, Plaintiffs analyze consent as part of both their mandatory withdrawal analysis and their permissive withdrawal analysis.

*see also Stern v. Marshall*, 564 U.S. 462, 476 (2011) ("[C]ore proceedings are those that arise in a bankruptcy case or under Title 11."); 28 U.S.C. § 157(b)(2) (providing 16 examples of "core proceedings"); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 50 (1989) (explaining that Congress has designated certain actions as "'core proceedings,' which bankruptcy judges may adjudicate and in which they may issue final judgments, if a district court has referred the matter to them." (citations omitted)).  Thus, without consent of the parties, the Bankruptcy Court may only "hear" (but not determine) a proceeding that is a non-core proceeding but that is otherwise related to a bankruptcy case.  28 U.S.C. § 157(c)(1).  Where, as is the case here, an adversary proceeding primarily involves non-core issues, the Bankruptcy Court can hear the matter if it is related to the bankruptcy, but can enter a final judgment on a non-core proceeding or conduct a jury trial only if the parties consent.  *See* 28 U.S.C. § 157(c)(1); *id.* at § 157(e); LR 83.7(B), NDGa.

Plaintiffs do not consent to the Bankruptcy Court entering a final order or judgment on any non-core proceeding. Nor do they consent to the Bankruptcy Court conducting a jury trial on Plaintiffs' claims. Because Plaintiffs do not consent, the Bankruptcy Court is without jurisdiction to enter orders or judgments or to conduct a jury trial in the *Wade Park* adversary proceeding. And

considerations of judicial efficiency call for withdrawing the reference now, rather than at a later date.

While the Bankruptcy Court is permitted to preside over pretrial matters and to later transfer the matter to the District Court once it becomes "ready for trial," BLR 9015-3(a), a transfer at a later date would not be appropriate here. As can be seen from Plaintiffs' Complaint—which is 100 pages in length and contains nearly 400 paragraphs of allegations—this case involves numerous individuals, entities, parties, nonparties, and financial and real-estate transactions. Withdrawing the reference now would permit the assigned District Judge to become familiar with the complex facts of the case, and the multitude of parties and nonparties, well in advance of trial.

In comparison, a transfer to the District Court on the eve of trial would not afford the District Judge the same time and opportunity to become familiar with the case. In fact, the District Court will not have presided over *any* aspects of the case up until that point. *See id.* (contemplating that, "[p]rior to transferring the case, the Bankruptcy Judge will rule on ***all*** discovery motions, other pretrial motions, and summary judgment motions . . . and shall enter a pretrial order") (emphasis added). It would do a disservice to the assigned District Judge not to permit a greater opportunity to become familiar with the facts and legal issues

presented in the *Wade Park* adversary proceeding.

Accordingly, because non-bankruptcy issues will predominate the *Wade Park* adversary proceeding and because the *Wade Park* adversary proceeding will necessarily return to the District Court at some point, withdrawal of the reference is mandatory.

## II.     In addition, cause exists to withdraw the reference.

Even if the Court determines that withdrawal here is not mandatory, the Court, in its discretion, may still withdraw the reference "for cause shown."  28 U.S.C. § 157(d); *see also Holmes*, 315 F. Supp. 2d at 1380.  In determining whether there is cause for withdrawal, the Court should consider the following non-exclusive factors: (1) "advancing uniformity in bankruptcy administration"; (2) "decreasing forum shopping and confusion"; (3) "promoting the economical use of the parties' resources"; and (4) "facilitating the bankruptcy process."  *In re Parklane/Atlanta Joint Venture*, 927 F.2d at 536 n.5; *see also Holmes*, 315 F. Supp. 2d at 1380.  Because these factors are not exhaustive, courts have also considered other factors, such as (5) "whether the claim is core or non-core" to the bankruptcy proceeding; (6) "efficient use of judicial resources"; (7) the presence of "a jury demand"; and (8) "prevention of delay."  *Lubin*, 411 B.R. at 804 (relying

on *In re TPI Int'l Airways, Inc.* 222 B.R. at 668).  Each of these factors weighs in favor of withdrawal here.

> **A.    The economical use of the parties' resources weighs in favor of withdrawing the reference.**

Whether withdrawal will promote the economical use of the parties' resources is "the most important for the Court in deciding whether to exercise its discretion to withdraw the reference."  *In re Wi-Sky Inflight*, 483 B.R. at 793. Here, this factor weighs in favor of withdrawing the reference for at least two reasons.

*First*, Plaintiffs filed this Motion early on in the Bankruptcy proceeding—within two days of Wade Park Land, LLC and Wade Park Land Holdings, LLC filing their bankruptcy petitions, and on the very next day after Plaintiffs filed the *Wade Park* adversary proceeding.  Thus, unlike in some cases, where this factor weighs against the party seeking withdrawal,[5] Plaintiffs filed this Motion directly upon initiation of the bankruptcy cases and the *Wade Park* adversary proceeding—and prior to any substantive proceedings taking place in the Bankruptcy Court.

*Second*, because Plaintiffs do not consent to the jurisdiction of the Bankruptcy Court for all proceedings in this matter, any final judgment in these

---

[5]      *See In re Glob. Energies, LLC*, No. 11-61322-CIV, 2011 WL 2610209, at *3 (S.D. Fla. July 1, 2011) (collecting cases).

proceedings must be entered by the District Court following submission of

proposed findings of fact and conclusions of law by the Bankruptcy Court. 28

U.S.C. § 157(c)(1). Section 157(c)(1) requires the District Court to review *de novo*

all objections made by any party to the proposed findings of fact and conclusions

of law submitted by the Bankruptcy Court. Thus, notwithstanding any action taken

by the Bankruptcy Court, the *Wade Park* adversary proceeding inevitably will be

heard in and decided by the District Court—requiring duplicative efforts by the

Bankruptcy and District Courts and further straining the resources of the parties in

an already complex case. Permitting withdrawal of the reference would thus

conserve the parties' resources (and, as discussed below, the Courts' resources).

**B.    Uniformity and efficiency in bankruptcy administration weighs in favor of withdrawal.**

Courts next consider whether withdrawal would promote uniformity and

efficiency in bankruptcy administration. This factor "intertwines closely" with the

parties'-resources factor. *In re Wi-Sky*, 483 B.R. at 796. In this case, withdrawing

the reference would not present any meaningful threat to the uniform and efficient

application of the bankruptcy laws because there is little to no nexus between the

parties' pre-bankruptcy dealings (which is what gives rise to Plaintiffs' Complaint

in the *Wade Park* adversary proceeding) and any prior proceedings before the

Bankruptcy Court. Where, as here, the Bankruptcy Court has not invested

16

meaningful time and resources in an adversary proceeding, this factor weighs in favor of withdrawal. *See, e.g.*, *In re British Am. Props. III, Ltd.*, 369 B.R. 322, 327 (Bankr. S.D. Tex. 2007).

###### C.    Withdrawal would promote the prevention of forum shopping.

Often, whether withdrawal will prevent forum shopping is not analyzed in detail by courts in this Circuit. *See In re Wi-Sky Inflight*, 483 B.R. at 797 (observing that "the Eleventh Circuit and district courts therein rarely emphasize this element in weighing permissive withdrawal, nor have those courts made much effort to define it," and "those courts just list this as a factor and rely on the others in reaching their conclusions") (collecting cases). In this case, there is no threat of forum shopping because Plaintiffs, not Defendants, filed the *Wade Park* adversary proceeding and filed this Motion. Plaintiffs merely seek to have their case heard, litigated in, and decided by the District Court rather than the Bankruptcy Court. Further, it is appropriate that the case be litigated in the District Court because one of the Plaintiffs is not a debtor and has not sought bankruptcy protection.

###### D.    Withdrawal will facilitate the bankruptcy process.

Withdrawing reference of the *Wade Park* adversary proceeding also facilitates the bankruptcy process. As discussed in greater detail *supra* (in Part I.A., with respect to non-bankruptcy federal claims asserted by Plaintiffs) and *infra*

(in Part II.E, with respect to the non-core claims, both federal and state, asserted by Plaintiffs), the *Wade Park* adversary proceeding is related to the bankruptcy case but is not itself a bankruptcy case.  Removing the *Wade Park* adversary proceeding from the bankruptcy case thus permits the Bankruptcy Court to consider only the core bankruptcy issues before it—without being bogged down in the multitude of other factual and legal issues between the parties.  For this same reason, withdrawing the reference also "prevents delay" in the bankruptcy process (one of the other factors considered by courts in this Circuit).  *Lubin*, 411 B.R. at 804.

**E.    Each of the other factors weighs in favor of withdrawal.**

As mentioned above, courts in this Circuit occasionally consider other factors in deciding whether to withdraw a reference to the Bankruptcy Court. Here, each of those other factors supports withdrawal.

### *Plaintiffs' claims are primarily non-core proceedings.*

Courts in this Circuit sometimes consider "whether the claim is core or non-core."  *Id*.  Here, nearly all the claims alleged by Plaintiffs—RICO violations, breach of contract, and various forms of tortious misconduct by Defendants—are non-core claims.  While there are two core bankruptcy proceedings (Counts XI and XII), the crux of the *Wade Park* adversary proceeding lies in the allegations that Defendants violated state and federal RICO law by engaging in systematic

unlawful conduct that took place well before the bankruptcy proceeding. And each of those non-core claims has a "life of its own in either state or federal common law or statute independent of the federal bankruptcy laws." *In re Kaiser*, 722 F.2d 1574, 1582 (2d Cir. 1983). *See also Adelphia Commc'ns Corp. v. Rigas*, No. 02 CIV.8495 GBD, 2003 WL 21297258, at *2 (S.D.N.Y. June 4, 2003) (finding that federal securities claims, RICO claims, and other state-law claims were all non-core; were not unique to a bankruptcy proceeding; did not directly affect a core bankruptcy function; and were not matters with which the bankruptcy court would ordinarily be expected to have greater familiarity or expertise). For these reasons, the *Wade Park* adversary proceeding is a non-core proceeding that does not require special bankruptcy expertise.

### Plaintiffs have made a jury demand / efficient use of judicial resources.

Further, in light of Plaintiffs' demand for a jury trial and Plaintiffs' lack of consent to a trial or entry of final judgment by the Bankruptcy Court on non-core issues, withdrawal of the reference would also promote the "efficient use of judicial resources." *Lubin*, 411 B.R. at 804. It would be an inefficient use of the resources of both the District Court and the Bankruptcy Court for the Bankruptcy Court to preside over all pretrial matters between the parties, only to transfer the case to the District Court on the eve of trial. *See* 28 U.S.C. § 157(c)(1); *Day v.*

*Persels & Assocs., LLC*, 729 F.3d 1309, 1323 (11th Cir. 2013) (discussing the Supreme Court's decision in *Stern v. Marshall*, 564 U.S. 462 (2011)).  While the inevitability of a jury trial before the District Court may be insufficient, standing alone, to withdraw the reference, when coupled with other factors weighing in favor of withdrawing the refence, it supports granting this Motion and withdrawing the reference now.

## **CONCLUSION**

For all of the foregoing reasons, the Court should grant this Motion and withdraw the reference of the *Wade Park* adversary proceeding to the Bankruptcy Court.

Respectfully submitted this 28th day of August, 2020.


[signature page to follow]

*/s/ James W. Cobb*
James W. Cobb
Georgia Bar No. 420133
jcobb@caplancobb.com
Julia Blackburn Stone
Georgia Bar No. 200070
jstone@caplancobb.com
Jessica A. Caleb
Georgia Bar No. 151507
jcaleb@caplancobb.com

**CAPLAN COBB LLP**
75 Fourteenth Street NE
Suite 2750
Atlanta, GA 30309
Tel: (404) 596-5600
Fax: (404) 596-5604

Counsel for Plaintiffs

**STONE & BAXTER, LLP**
By:

*/s/ David L. Bury, Jr.*
Ward Stone, Jr.
Georgia Bar No. 684630
wstone@stoneandbaxter.com
David L. Bury, Jr.
Georgia Bar No. 133066
dbury@stoneandbaxter.com

577 Mulberry Street, Suite 800
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)

Counsel for Debtors and Plaintiffs
Wade Park Land, LLC and Wade Park
Land Holdings, LLC